IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN J. FREEMAN, JR. & CO., Inc. a/k/a JOHN J. FREEMAN & COMPANY<br><br>　　　　　Defendant. | Civil No. 1:19-cv-01137-TSE-MSN |

**REPORT & RECOMMENDATION**

　　This matter comes before the Court on the amended motion for default judgment (Dkt. No. 17) of plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund's ("National Pension Fund") and Trustees of the International Training Fund's ("International Training Fund") (collectively, "plaintiffs"). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in plaintiffs' favor for the reasons that follow.

**I.　Procedural Background**

　　On August 30, 2019, plaintiffs filed the instant action against defendant John J. Freeman, Jr. & Co., Inc. ("defendant") alleging that defendant breached a Collective Bargaining Agreement with the United Association Local Union No. 110 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs, to compel an audit, and for injunctive relief. Compl. (Dkt. No. 1) ¶¶ 9-34. A summons for the complaint was issued on August 30, 2019 (Dkt. No. 4), and the summons, complaint, and supporting documents were served on defendant on

September 18, 2019 (Dkt. No. 5). Under Fed. R. Civ. P. 12(a), a responsive pleading was due 21 days later on October 9, 2019. Defendant failed to file a responsive pleading in a timely manner.

On October 18, 2019, plaintiffs filed a request for entry of default pursuant to F.R.C.P. 55(a) (Dkt. No. 10). The Clerk of Court entered an entry of default on October 21, 2019 (Dkt. No. 11). On October 25, 2019, plaintiffs filed a motion for default judgment (Dkt. No. 13), along with a memorandum in support of motion for default judgment (Dkt. No. 14) and a notice of hearing (Dkt. No. 15). On December 5, 2019, plaintiffs filed an amended motion for default judgment (Dkt. No. 17), with a memorandum in support (Dkt. No. 18), and a notice of hearing date set for December 13, 2019. On December 13, 2019, counsel for plaintiffs appeared at the hearing on their motion for default judgment and no one appeared on behalf of defendant (Dkt. No. 21).

## II. Factual Background

The following facts are established by the complaint, the memorandum in support of the motion for default judgment, and the affidavits and declaration attached to the memorandum in support of the motion for default judgment.

Plaintiffs are the trustees of a multi-employer employee benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). Compl. (Dkt. No. 1) ¶¶ 1-2. The National Pension Fund is established and maintained by a restated agreement and declaration of trust and by the collective bargaining agreement between United Association Local Union No. 110 and defendant. *Id.* at ¶ 1. The International Training Fund is established and maintained by a restated trust agreement and by the collective bargaining agreement between the United Association Local Union No. 110 and defendant. *Id.* at ¶ 2. Both funds are administered in Alexandria, Virginia. *Id.* at ¶¶ 1-2. Defendant is a Virginia corporation with an office in Virginia Beach, Virginia. *Id.* at ¶ 3. At all times, defendant was an "employer in

2

an industry affecting commerce" as defined by 29 U.S.C. §§ 142(1), (3) and 152(2); 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); and 29 U.S.C. § 1001a. *Id.*

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). *Id.* at ¶ 4. Defendant is a signatory to the collective bargaining agreement with United Association Local Union No. 110 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. *Id.* at ¶ 5. Pursuant to the collective bargaining agreement, defendant agreed to pay both the National Pension Fund and the International Training Fund certain sums of money for each hour worked by its employees covered by the agreement. *Id.* at ¶¶ 6-7. Plaintiffs claim that defendant employed certain employees covered under the collective bargaining agreement and failed to make proper contributions to the National Pension Fund (count I) and the International Training Fund (count II) for work performed at defendant's request, and that an audit of defendants' records to determine whether defendant is properly reporting the number of employees, hours worked, and contribution rates owed to plaintiffs. *Id.* at ¶¶ 8, 9, 20, 26, 28.

### A. Count I—National Pension Fund

Plaintiffs assert that defendant failed to make contributions to the National Pension Fund for the months of January through July 2019 on behalf of members in Local 110's jurisdiction. Compl. (Dkt. No. 1) ¶ 9. Specifically, plaintiffs alleged in their complaint that defendant failed to make contributions in the amount of $4,495.50 for the months of January through May 2019 and failed to submit reports to the National Pension Fund indicating the amount owed for June and July 2019. *Id.* at ¶¶ 10-11. Due to subsequent payments by defendant, this amount now appears to be reduced to $3,347.70. (Dkt. No. 18) 2. Plaintiffs allege that defendant is bound to the

3

restatement agreement and declaration of trust that provides under Article VI, Section 6, the National Pension Fund is authorized to project the delinquent amount to determine the amounts owed when an employer fails to file the properly completed report forms. *Id.* at ¶ 13. Under this provision, plaintiffs allege that defendant is obligated to pay the National Pension Fund in the amount of $3,347.70 for the months of April through July 2019. (Dkt. No. 18) 2. Plaintiffs also allege that under Article VI, Section 5, an employer who fails to pay the amounts required by the collective bargaining agreement on time shall be considered delinquent and may be assessed liquidated damages if payment is not received by the date owed. *Id.* at ¶ 17. Under this provision, plaintiffs allege that defendant is obligated to pay the National Pension Fund liquidated damages for the months of January through July 2019. *Id.* at ¶ 18. Further, pursuant to the restated trust agreement, interest is assessed at a rate of 12% per annum from the date payment was due through the date of payment to the National Pension Fund. T. Inscoe Affidavit (Dkt. No. 10-1) ¶ 14.

### B. Count II—International Training Fund

Plaintiff asserts that defendant failed to make contributions to the International Training Fund for the months of January through July 2019 of behalf of members in Local 110's jurisdiction. Compl. (Dkt. No. 1) ¶ 20. Specifically, plaintiffs allege that defendant failed to make contributions in the amount of $40.50 for the months of May through July 2019. (Dkt. No. 18) 2. Plaintiffs allege that defendant is bound to the restatement agreement and declaration of trust that provides under Article VI, Section 7, the International Training Fund is authorized to project the delinquent amount to determine the amounts owed when an employer fails to file the properly completed report. *Id.* at ¶ 24. Under this provision, plaintiffs allege that defendant is obligated to pay the International Training Fund in the amount of $40.50 for the months of May through July 2019. (Dkt. No. 18) 2. Plaintiffs also allege that under Article VI, Section 6, an employer who fails

to file a report or make contributions within ten calendar days of the due date shall be obligated to pay liquidated damages in the amount of 20% of the amount due plus 12% interest per annum from the due date to the date of payment. *Id.* at ¶ 28. Under this provision, plaintiffs allege that defendant is obligated to pay $18.90 in liquidated damages for late payments for the months January through July 2019. *Id.* at ¶ 29. Further, pursuant to the restated trust agreement, interest is assessed at a rate of 12% per annum from the date the payment was due through the date of payment to the International Training Fund. T. Inscoe Affidavit (Dkt. No. 10-2) ¶ 16.

### C. Count III—To Compel an Audit [1]

Plaintiff asserts that an audit of defendant's records from January 1, 2016 through the date of the audit, will permit the plaintiffs to determine whether the defendant is properly reporting the correct number of employees working under the collective bargaining agreement, the correct number of hours worked by the employees, the correct contribution rates and the correct amounts owed to each of the plaintiffs. Compl. (Dkt. No. 1) ¶ 27. The defendant has refused requests to cooperate in a payroll audit conducted on behalf of the plaintiffs by the certified public accounting firm of Calibre CPA Group, PLLC. *Id.* at ¶ 28. Plaintiff alleges that under the terms of the collective bargaining agreement and plaintiffs' trust agreements, the plaintiffs are entitled to obtain and conduct an audit of defendants. *Id.* at ¶ 30.

## III. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA actions, such as the instant action, are conferred upon the Court pursuant to 29 U.S.C. §§ 1132, 1145, and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan

---

[1] In count IV, plaintiffs seek an order enjoining the violations of the terms of the employee benefits plan and requiring defendant to submit timely contributions and remittance reports to each fund. Plaintiffs have not pursued their request for injunctive relief in the motion for default judgment and therefore the undersigned makes no recommendations as to plaintiffs' request for injunctive relief.

is administered, where the alleged breach took place, or where a defendant resides or may be found. Here, jurisdiction and venue are proper because both the National Pension Fund and the International Training Fund are administered in this district. *See* Compl. (Dkt. No. 1) ¶¶ 1-2.

**IV. Standard**

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because defendant has not answered or otherwise timely responded, the well-pleaded allegations of fact in the complaint are deemed to be admitted.

**V. Analysis**

Based on the complaint, the motion for default judgment, the affidavits from Toni C. Inscoe, the declaration from John R. Harney, and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings.

As set forth in the amended motion for default judgment, defendant failed to make full contribution payments for the months of April through July 2019 to the National Pension Fund. Defendant also failed to make full contribution payments for the months of May through July 2019 to the International Training Fund. ERISA Section 515 provides that in any action brought to enforce payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the great of –

   (i) interest on the unpaid contributions, or
   (ii) liquidated damages provided for under the plain in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). In support of its claim for damages, the National Pension Fund submitted an affidavit from Toni C. Inscoe with the amended motion for default judgment (Dkt. No. 18-1). The International Training Fund also submitted an affidavit from Toni C. Inscoe with the motion for default judgment (Dkt. No. 18-2). In addition to the affidavits, the National Pension Fund submitted a declaration from John R. Harvey for attorney's fees and costs incurred in this action (Dkt. No. 18-3).

   a. **Payments to National Pension Fund**

The information contained in the affidavit from Toni C. Inscoe on behalf of the National Pension Fund establishes that it is owed contributions in the amount of $3,347.70 for the months

7

of April through July 2019; liquidated damages in the amount of $629.37; and interest assessed at the rate of 12% per annum from the due date through the date of payment or December 13, 2019 in the amount of $393.13, totaling to $4,370.20. In addition, the declaration from John R. Harney details the fees and costs incurred on behalf of National Pension Fund in this action. As stated in the declaration, the total amount of fees incurred is $3,497.50 for 18.5 hours of attorney and paralegal time and the amount of costs requested is $781.29 for the filing fee, service of process fees, and computerized research fees. The undersigned has reviewed the declaration and the supporting documentation and recommends that the court find that the $3,497.50 request for fees and $781.29 request for costs by the National Pension Fund are reasonable and should be paid by defendant.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the National Pension Fund against defendant on count I in the complaint in the amounts shown below:

| Delinquent Contributions | $3,347.70 |
|---|---|
| Liquidated Damages | $629.37 |
| Accrued Interest (12/13/2019) | $393.13 |
| Attorney's Fees | $3,497.50 |
| Costs | $781.29 |
| *Total* | $8,648.99 |

b. **Payments to International Training Fund**

The information contained in the affidavit from Toni C. Inscoe on behalf of the International Training Fund establishes that it is owed contributions in the amount of $40.50 for the months of May through July 2019; liquidated damages in the amount of $18.90 (calculated at

20% of the contributions found to be due or paid late); and interest assessed at the rate of 12% per annum from the due date through the date of payment or December 13, 2019 in the amount of $5.90, totaling to $65.30.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the International Training Fund against defendant on count II in the complaint in the amounts shown below:

| Delinquent Contributions | $40.50 |
| --- | --- |
| Liquidated Damages | $18.90 |
| Accrued Interest (1/25/2019) | $5.90 |
| *Total* | $65.30 |

**c. Compelling an Audit**

Plaintiffs ask for additional relief in the form of an order permitting a complete audit of defendant's wage and payroll records for the period of January 1, 2016 through the date of the audit. Under defendant's collective bargaining agreement, the defendant is bound to follow the terms and conditions of the trust agreements that established the National Pension Fund and the International Training Fund. Under the terms of these agreements, the plaintiffs are entitled to obtain and conduct an audit of defendant's payroll and related records. Furthermore, such an audit is consistent with Section 502(a)(3) of ERISA, which provides that a civil action may be brought "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan". 29 U.S.C. § 1132(a)(3). The Supreme Court affirmed that such audits are a permissible use of the trustees' contractual power in *Central States, Southeast and Southwest Areas Pension Fund v. Central*

*Transport, Inc.*, 472 U.S. 559, 568 (1985). Because defendant has refused requests to cooperate with a payroll audit, the undersigned finds it appropriate to compel defendant to submit all payroll books and records to the plaintiffs, and to cooperate with the plaintiffs' designee, the certified public accounting firm of Calibre CPA Group, PLLC, to complete a payroll compliance review, at the defendant's expense, for the period of January 1, 2016 through the date of the audit.

### VI. Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the National Pension Fund against defendant on count I of the complaint in the amount of $8,648.99, that a default judgment be entered in favor of the International Training Fund against defendant on count II of the complaint in the amount of $65.30, and that the Court compel a complete audit of defendant's wage and payroll records for the period of January 1, 2016 through the date of the audit.

### VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

                                                                                /s/

                                             Michael S. Nachmanoff
                                             United States Magistrate Judge

January 13, 2020
Alexandria, Virginia